# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHTAZABAN-EL-BEN YAHAWADA, dba Robert P. Crowe,<br><br>Plaintiff,<br><br>v.<br><br>HAUHNA A. HICKS; et al.,<br><br>Defendants. | Case No.: 17-cv-00007-H (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL**<br><br>[Doc. Nos. 10, 12.] |

On January 6, 2017, Plaintiff Ahtazaban-El-Ben Yahawada dba Robert P. Crowe, proceeding *pro se*, filed a complaint against several defendants, alleging state law causes of action for fraud, forgery, trespass, and conspiracy. (Doc. No. 1.) Along with the complaint, Plaintiff paid the $400.00 filing fee.[1] (Id.)

The entirety of the allegations set forth in the complaint were as follows:

[I], ahtazaban-el-ben yahawada, require: a 'court of record' and trial by jury[.]

Claim: Fraud, Forgery, Trespass and Conspiracy

---

[1] In addition to the $350 statutory fee required under 28 U.S.C. § 1914(a), civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914 Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014).

1

> [I], ahtazaban-el-ben yahawada; autochthon; a man: all said wrongdoer(s) continue and conspire to trespass upon my property with the use of forged document(s) on/near 2/25/2015 by force and intimidation along with the aiding of said ex officio employee(s) Black's Law 9th pg. 657.
>
> [I] require compensation for the continual trespass upon my property; compensation due: All property retuned to i and one-million dollars for damages and wrongs done to i.
>
> [I]; ahtazaban-el-ben yahawada; a man; verify/certify said claims to be true under penalty and perjury.

(Id.) On January 23, 2017, the Court sua sponte dismissed the complaint without prejudice for lack of subject matter jurisdiction. (Doc. No. 3.) In the order, the Court explained that it lacked subject matter jurisdiction over the action because the allegations in the complaint were obviously frivolous, and the complaint failed to sufficiently allege facts showing that the Court possessed diversity jurisdiction. (Id. at 2-3.) See Franklin v. Murphy, 745 F.2d 1221, 1226 n.6 (9th Cir. 1984); NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 612 (9th Cir. 2016). In the order, the Court granted Plaintiff leave to file a first amended complaint by February 24, 2017. (Doc. No. 3 at 4.)

To date, Plaintiff has not filed a first amended complaint. On March 20, 2017, Plaintiff filed a notice of appeal to the Ninth Circuit as to the Court's January 23, 2017 order dismissing his complaint without prejudice. (Doc. No. 6.)

On March 20 and 21, 2017, Plaintiff filed two documents requesting an order from the undersigned judge recusing herself from the case. (Doc. Nos. 10, 12.) The Court denies Plaintiff's request for recusal. The only basis for recusal given in Plaintiff's filings is the Court's January 23, 2017 order dismissing his complaint without prejudice. This is insufficient to justify a recusal from the case. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source;

and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." (citation omitted)); <u>United States v. Johnson</u>, 610 F.3d 1138, 1148 (9th Cir. 2010) (explaining that dismissal of a civil case will not "will not serve as [a] bas[is] for recusal absent unusual circumstances" and that "[a]dverse findings do not equate to bias"); <u>United States v. Holland</u>, 519 F.3d 909, 914 (9th Cir. 2008) (explaining that "'prior rulings in the proceeding'" will not ordinarily serve as a basis for recusal). Further, Plaintiff's assertion that the Court's dismissal order was malicious is without merit given that the dismissal order contained a thorough and reasoned analysis of the allegations in Plaintiff's complaint and the order granted Plaintiff leave to file a first amended complaint. Accordingly, the Court denies Plaintiff's motion for recusal.

**IT IS SO ORDERED.**

DATED: March 28, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT